**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WENDELL BRADFORD AND § | |
| VINCENT LEE, INDIVIDUALLY AND § | |
| ON BEHALF OF ALL OTHERS § | |
| SIMILARLY SITUATED, § | CIVIL ACTION NO.   2:14-cv-00692 |
| § | JURY DEMANDED |
| VS. § | |
| § | |
| GG DISTRIBUTING, LLC § | |

### JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**TO THE HON. ROY S. PAYNE, UNITED STATES DISTRICT JUDGE:**

Comes now Wendell Bradford and Vincent Lee, Individually and on behalf of all others similarly situated, Plaintiffs, and GG Distributing, LLC, Defendant, and request that the attached jury instructions and verdict form be submitted to the jury at the close of the evidence in this case. Defendant' additions/deletions are denoted in *italics*.

Respectfully submitted,

*/s/*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

**ATTORNEY FOR PLAINTIFFS**

*/s/*
R. Michael Moore
rmmoore@sbcglobal.net
Law Office of R. Michael Moore
6363 Woodway, Suite 505
Houston, TX 77057
713-621-8185
713-621-8184 fax

                                                Josh B. Maness
                                                Texas Bar No. 24046340
                                                480 W. Texas Ave.
                                                Waskom, Texas 75692
                                                Tel. (903) 407-8455
                                                Fax. (877) 320-5751
                                                Attorney for Defendant
                                                manessjosh@hotmail.com

                                                **ATTORNEYS FOR DEFENDANT,**
                                                **GG DISTRIBUTING, LLC**

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send electronic notification of this filing to all counsel, on the 25th day of February 2016.

                                                /s/ Josh B. Maness
                                                Josh B. Maness

# **GENERAL INSTRUCTIONS AND DEFINITIONS**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

---

[1] Fifth Circuit Pattern Jury Instructions (2014), § 3.1.

**FLSA – General Instructions[2]**

Plaintiffs Wendell Bradford and Vincent Lee claim that Defendant GG Distributing, LLC did not pay Plaintiffs Wendell Bradford and Vincent Lee the overtime pay required by the Federal Fair Labor Standards Act, also known as the FLSA. Defendant GG Distributing, LLC denies Plaintiffs Wendell Bradford and Vincent Lee's claims and contends that they were paid a salary and bonus and were not paid overtime wages for all hours worked over 40 in any work week.  *Defendant GG Distributing, LLC contends the Plaintiffs were paid correctly due to their status as "exempt" from the FSLA under the Federal law known as the Motor Carrier Act Exemption further explained below.*

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime. To succeed on their claims, Plaintiffs Wendell Bradford and Vincent Lee must prove each of the following facts by a preponderance of the evidence:

1.   Plaintiffs Wendell Bradford and Vincent Lee were employees of Defendant GG Distributing, LLC during the relevant period;

2.   Plaintiffs Wendell Bradford and Vincent Lee were employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for; and

3.   Defendant GG Distributing, LLC failed to pay Plaintiffs Wendell Bradford and Vincent Lee the overtime pay required by law.

Plaintiffs Wendell Bradford and Vincent Lee must prove by a preponderance of the evidence that they were employees employed by an enterprise engaged in commerce or in the production of goods for commerce. You are instructed that Plaintiffs were employed by GG Distributing, LLC and GG Distributing, LLC is an enterprise engaged in commerce and thereby covered by the Fair Labor Standards Act.

---

[2] Fifth Circuit Pattern Jury Instructions (2014) §11.24

**FLSA - overtime claim**

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work. To calculate how much overtime pay Plaintiffs earned in a particular week, multiply his regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.[3]

An employee's regular rate is the basis for calculating any overtime pay due the employee. The "regular rate" of pay under the Act cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract The Supreme Court has described it as the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed—an "actual fact" Section 7(e) of the Act requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" The overtime rate, then, is one and one-half times that rate.[4]

*Defendant contends this second paragraph is unnecessary*

**FLSA - inadequate records of hours worked**

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs Wendell Bradford and Vincent Lee claim that Defendant GG Distributing, LLC failed to keep and maintain adequate records of their hours and pay. Plaintiffs Wendell Bradford and Vincent Lee also claim that Defendant GG Distributing, LLC's failure to keep and maintain adequate records has made it difficult for Plaintiffs Wendell Bradford and Vincent Lee to prove the exact amount of their claim. If you find that Defendant GG Distributing, LLC failed to keep adequate time and pay records for Plaintiffs Wendell Bradford and Vincent Lee and that Plaintiffs Wendell Bradford and Vincent Lee performed work for which they should have been paid, Plaintiffs Wendell Bradford and Vincent Lee may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs Wendell Bradford and Vincent Lee must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which they seeks pay.[5]

*Defendant contends this instruction is unnecessary*

---

[3] Fifth Circuit Pattern Jury Instructions (2014) §11.24
[4] *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419; *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446); 29 CFR 778.108

[5] Fifth Circuit Pattern Jury Instructions (2014) §11.24

**FLSA - Exemption**

*In this case, GG Distributing claims that it is exempt from the FLSA's overtime provisions under the Federal Law known as the Motor Carrier Act Exemption. To establish that it is exempt, GG Distributing must prove each of the following facts by a preponderance of the evidence: 1) That Plaintiffs were employed to drive trucks weighing in excess of 10,000 pounds, 2) that a portion of the goods carried and delivered by the Plaintiffs originated outside the State of Texas, 3) that these goods were property delivered in a continuous stream of interstate commerce. Goods are considered to be part of a continuous stream of interstate commerce if they are ordered by a distributor such as GG Distributing under any of the following scenarios: 1) under a pre-existing contract with a specific customer, 2) under existing understandings with particular customers, though not pursuant to a written contract, or 3) in anticipation of the needs of customers.*[6]

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[7]

---

[6] Fifth Circuit Pattern Jury Instructions (2014) §11.24; *See also Talton v. I.H. Caffey Dist. Co.*, 124 Fed. Appx. 760, 764 (2005).
7 Fifth Circuit Pattern Jury Instructions (2014), § 3.4.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[8]

*Corporate Bias*

*Do not let bias, prejudice or sympathy play any part in your deliberations.   A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[9]*

*Burden of Proof*

*Plaintiffs have the burden of proving their case by a preponderance of the evidence.   To establish by a preponderance of the evidence means to prove something is more likely so than not so.   If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.[10]*

*Filing Suit inference*

*The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.   Anyone may make a claim and file a lawsuit.   The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[11]*

*Damages*

*If you find that GG Distributing violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiffs have proven liability.*

*The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid.   Plaintiffs are entitled to recover lost wages for the two years before they filed this lawsuit, unless you find that GG Distributing either knew or showed reckless disregard for whether the FLSA prohibited its conduct.   If you find that GG Distributing knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiffs are entitled*

---

8  Fifth Circuit Pattern Jury Instructions (2014), § 3.3.
9  Fifth Circuit Pattern Jury Instructions (2014), § 2.16.
10  Fifth Circuit Pattern Jury Instructions (2014), § 3.2.
11  Fifth Circuit Pattern Jury Instructions (2014), § 3.6.

*to recover lost wages for three years before the date they filed this lawsuit. Plaintiffs filed this lawsuit on June 13, 2014.*[12]

*Deliberations*

*It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.*

*Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.*

*When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.*

*Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.*

*If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.*

*You may now proceed to the jury room to begin your deliberations.*[13]

---

[12] Fifth Circuit Pattern Jury Instructions (2014), § 11.25.
[13] Fifth Circuit Pattern Jury Instructions (2014), § 3.7.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WENDELL BRADFORD AND | § | |
| VINCENT LEE, INDIVIDUALLY AND | § | |
| ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | CIVIL ACTION NO.  2:14-cv-00692 |
| | § | JURY DEMANDED |
| VS. | § | |
| | § | |
| GG DISTRIBUTING, LLC | § | |

## VERDICT

We, the jury, make the following answers to the Jury Questions propounded by the Court.

**Question No. 1**[14]

Have Plaintiffs Wendell Bradford and Vincent Lee proved that Defendant GG Distributing, LLC failed to pay them the overtime pay required by law?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

---

[14] Fifth Circuit Civil Pattern Jury Instructions (2014) §11.24

**Question No. 2**

Has Defendant GG Distributing, LLC proved that Plaintiffs Wendell Bradford and Vincent Lee were exempt from the overtime-pay requirement under the Federal Motor Carrier Act?

<mark>Instruction – elements of FMCA exemption</mark>

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

*If your answer is "Yes," do not answer any more questions. If your answer is "No," answer the next question.*

**Question No. 3**

Has Plaintiffs Wendell Bradford and Vincent Lee proved that Defendant GG Distributing, LLC knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer "Yes" or "No."

_____


**Question No. 4:**

For each time period specified, what sum of money, if any, is owed to each Plaintiff for unpaid overtime?

Instruction:   Plaintiffs have the burden of proof, except as explained above. Answer in dollars and cents, if any. Answer separately as to each time period.    Do not include unpaid overtime for one time period in the other time period.

ANSWER:

June 13, 2012 through June 13, 2014 _____

June 13, 2011 through June 13, 2012 _____

***Question No. 4:***

*If your answer is "Yes," to Question No. 3, you should award damages for the three-year period from June 13, 2011 to June 13, 2014.   If your answer is "No," you should award damages for the two year period from June 13, 2012 to June 13, 2014.*

*What sum of money would fairly and reasonably compensate Plaintiffs for the damages, if any, you have found GG Distributing caused Plaintiffs?   Answer in dollars and cents for the following items and no other: unpaid overtime.*

_____