IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WENDELL BRADFORD, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:14-CV-692-RSP |
| | § | |
| GG DISTRIBUTING, LLC | § | |

**MEMORANDUM RULING**

Currently before the Court is Defendant GG Distributing, L.L.C.'s Motion for Summary Judgment (Dkt. No. 39), which was filed on January 21, 2016, and came on for oral argument at the Pretrial Conference on March 8, 2016. For the reasons that follow, the motion is GRANTED.

This case involves claims by 13 individuals employed by Defendant as drivers of commercial vehicles delivering beverage products from Defendant's warehouses to various retailers in East Texas. Plaintiffs claim that Defendant failed to pay them one and one-half times their regular rate for all hours worked in excess of 40 each week. The parties agree that Defendant meets the requirements for coverage by the Federal Labor Standards Act (FLSA) and that the real question is whether Defendant is entitled to the exemption provided by the Motor Carrier Act, 29 U.S.C. §213(b)(1). The exemption is designed to eliminate any conflict between the Department of Labor's jurisdiction over the FLSA and the mutually exclusive jurisdiction exercised by the Department of Transportation over the MCA. The concern is that encouraging drivers to earn overtime pay at one and a half times the regular pay rate would undermine the safety regulations intended to limit the number of continuous hours that drivers may be on the road. *Walters v. American Coach Lines of Miami, Inc.* 575 F.3d 1221, 1226 (11th Cir. 2009).

As Plaintiffs point out, exemptions under the FLSA are construed narrowly and against the employer. *Barefoot v. Mid-America Dairymen, Inc*., 1994 WL 57686 (5th Cir. 1994). Defendant has cited several cases that apply the exemption on very similar facts. *E.g., Talton v. I.H. Caffey Distributing Co, Inc.,* 124 Fed.Appx 760 (4th Cir. 2005); *Glanville v. Dupar, Inc*., 2009 WL 3255292 (S.D. Tex 2009). Plaintiffs, on the other hand, rely primarily upon a regulation issued by the Interstate Commerce Commission (ICC), which had jurisdiction over the Motor Carrier Act until it was transferred to the Department of Transportation. 29 C.F.R. §782.7(b)(1). Plaintiffs argue that the ICC established a more restrictive scope for "interstate commerce" under the MCA exemption, than the DOL has always applied to the same term in FLSA enforcement. Plaintiffs point to the concurring opinion of Judge Nygard in *Packard v. Pittsburgh Transportation Co.,* 418 F.3d 246, 259 n.5 (3rd Cir. 2005), as the best statement of this argument.

The real dispute here is when employers who transport solely within a single state are subject to the Secretary of Transportation's jurisdiction. The Supreme Court in *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568, 63 S.Ct. 332 (1943) found that "a practical continuity of movement" was sufficient to trigger jurisdiction under the FLSA when the goods came to rest at a warehouse before completing their journey through intrastate transportation by plaintiffs. Thus, once the goods enter into "the channels of interstate commerce," a stop in the movement of the goods does not necessarily mean that they are no longer in interstate commerce. The ICC regulation in §782.7(b) would exclude this "practical continuity of movement" in situations where "at the time of shipment there is no specific order being filled for a specific quantity of a given product to be moved through to a specific destination beyond the terminal storage." However, the cases relied upon by Defendant, such a *Talton, supra*., hold that goods delivered

pursuant to an "understanding" between the distributor and retailer, even though not part of a specific order, satisfy the "practical continuity of movement" requirement.

This dispute is dispositive here because GG Distributing has not shown that it had specific orders for specific quantities at the time the goods were delivered to its warehouse. The cited testimony of Gary Steffey (Dkt. No. 45 at 3) is too vague to support such a reading. However, the record does contain ample evidence, both from Defendant and from the depositions of Plaintiffs, that Defendant's drivers (the Plaintiffs themselves) had clear understandings with the retailers, based on both the instructions of the retailers and on the carefully recorded history of their sales, as to how much product would be needed at any given time by any given retailer. The bigger the retailer, the more clear these understandings were.

A case not cited by either party provides an excellent summary of the law on this point. In *Collins v. Heritage Wine Cellars, Ltd*., 2008 WL 5423550 (N.D. Ill. 2008), the court dealt with cross-motions for summary judgment on the MCA exemption to the FLSA on facts nearly identical to those here. As here, the plaintiff relied upon §782.7, which the court noted was adopted in 1957. However, the defendant pointed out that in 1992 the ICC promulgated an alternative test that has been applied in subsequent disputes. That document, entitled "Policy Statement – Motor Carrier Interstate Transportation From Out-Of-State Through Warehouses to Point in Same State," 8 I.C.C. 2d 470, 1992 WL 122949, abandons the requirement of a specific order in favor of a test based on "all the facts and circumstances surrounding the transportation." Specifically, the ICC noted that the first factor supporting a finding of continuing movement in commerce is: "Although the shipper does not know in advance the ultimate destination of specific shipments, it bases its determination of the total volume to be shipped through the warehouse on projections of customer demand that have some factual basis, rather than a mere

plan to solicit future sales within the State.  The factual basis for projecting customer demand may include, but is not limited to, historical sales in the State, actual present orders and relevant market surveys of need."  The 1992 Policy Statement lists six other factors that weigh in favor of continuity, as well as 10 that do not weigh against it.  To the extent any of them are found in this record, they support a finding of continuity, which supports application of the MCA exemption to the Defendant.  *See also Montoya v. 3PD, Inc*., 2015 WL 1469752 (D. Ariz. 2015).

For the foregoing reasons, the Defendant's Motion for Summary Judgment is granted and this action is DISMISSED WITH PREJUDICE.

**SIGNED this 12th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE